IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDY SAMUEL DE LA CRUZ-SOCORRO,<br><br>Defendant. | CRIMINAL No. 17-058 (ADC) |

**SENTENCING MEMORANDUM**

TO THE HONORABLE AIDA M. DELGADO-COLON
CHIEF UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

**I.**

The Honorable Court has agreed to take Mr. De La Cruz-Socorro's guilty plea and to sentence him immediately thereafter dispensing with the requirement of a Pre-sentence Investigation Report. ("PSR"). (Docket No. 14.) For that, Mr. De La Cruz-Socorro is grateful. He has been charged with illegal re-entry after deportation under 8 U.S.C. § 1326(a). At this point, all he wants to do is regain his freedom. He is sad that he does not get to be in Puerto Rico, which is what he wanted to accomplish in the first place in order to secure a better financial situation. But he rather be free in the Dominican Republic than in prison in Puerto Rico.

The record of this case does not reveal any serious aggravating factors that could be of concern to the Court. The properly calculated guidelines range suggests to the Court imprisonment between zero (0) and six (6) months. Since Mr. De La Cruz-Socorro has been detained for over one month, we ask the Court to sentence him to the time he has already

served followed by a supervised release term, or to probation for up to five years. For the reasons set forth below, such a sentence is sufficient and not greater than necessary to accomplish all relevant sentencing goals.

## II.

On January 18, 2017, a Border Patrol aircraft detected a yola type vessel on his way to Desecheo Island. In the early morning hours of the next day, January 19, 2017, a coast guard cutter intercepted the yawl. The yawl had four (4) passengers, Mr. De La Cruz-Socorro included. Upon initial interview all passengers admitted to being undocumented aliens, nationals of the Dominican Republic. For safety reasons, they were transferred to the Coast Guard cutter and later to shore. Subsequently, Border Patrol agents were dispatched and took over the case. Upon entering Mr. De La Cruz-Socorro's fingerprints into the system, the Boarder Patrol Agents were able to determined that he had been previously deported in September of 2015. The matter was thus referred to criminal prosecution.

On January 26, 2017, the Grand Jury returned an Indictment against Mr. De La Cruz-Socorro charging a violation to 8 U.S.C. § 1326(a). (Docket No. 9.) He will enter a straight guilty plea to the Indictment on March 1, 2017.

## III.

The defendant requested, and the Court authorized, a waiver of the PSR. The undersigned submits that the following guidelines computation is applicable: A base offense level of 8 under USSG § 2L1.2(a); and a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). The total adjusted offense level is thus six (6). Mr. De La Cruz-Socorro must be determined to have a Criminal History Category ("CHC") of I as he has

zero criminal history points. A total offense level of six (6) and a CHC of I yields an imprisonment range of zero (0) to six (6) months. The statutory maximum term of imprisonment for the offense is two (2) years. There is no statutory minimum. The defendant is also statutorily eligible for probation.

The discussion below of the factors set forth in 18 U.S.C. § 3553(a) as they apply to Mr. De La Cruz-Soccoro is aimed at persuading the Court that the sentence recommended herein is reasonable. We submit that a proper balancing of said factors will lead the Court to agree that a sentence of time-served (or probation) is appropriate.

### *1. History and Characteristics of the Defendant*

Mr. De La Cruz-Socorro is 28 years old. He was born on February 20, 1989 in Sanchez, Samaná, Dominican Republic. His parents are Demetrio De La Cruz, a masonry and construction worker residing in Puerto Rico, and Margarita Socorro, a business woman, resident of the Dominican Republic. He has 3 siblings: Marleny, age 26, Omarfil, age 28 and Amaury, age 31. Marleny and Omarfil are residents of Santo Domingo; Amaury is here in Puerto Rico. He currently is sustaining a consensual relationship with Irene Berenice, a resident of Santurce, Puerto Rico. Mr. De La Cruz-Socorro is the father of two: Andri Ermanuel De La Cruz-Fermin, age 6, and Reyna Isabel De La cruz-Calcaño, age 8.

As to education, Mr. De La Cruz-Socorro completed the eighth grade. He abandoned school as he put it, seeking an improvement (buscando mejoría). He was never able to finish his high school education. For the past eight years, he has been employed as a mason (albañil) and in Puerto Rico, he worked in construction doing all types of construction related tasks.

Mr. De La Cruz-Socorro enjoys good health. He has no history of mental health issues nor has he ever used controlled substances or abused alcohol. This is the first time

that he has been detained pursuant to criminal charges at MDC Guaynabo or any other correctional facility for that matter. Previously, in September of 2015, he was briefly detained administratively awaiting expedited removal proceedings. In the Dominican Republic he has never been in trouble with the law.

As to acceptance of responsibility, Mr. De La Cruz-Socorro has been very sincere and fast to accept his responsibility by admitting his conduct to the officers, by not attempting to flee or obstruct justice, and by pleading guilty on the first available opportunity. In fact, he filed his motion for change of plea on the same day of his arraignment. (Docket No. 11.)

### 2. *Nature and Circumstances of the Offense*

This Honorable Court can almost take judicial notice of the reasons individuals like Mr. De La Cruz-Socorro risk their lives navigating in treacherous waters to come to the United States. Most of the time is not to commit crimes; it is to find better employment and financial opportunities than those they have in their country. Mr. De La Cruz-Socorro is not the exception.

### 3. *Respect for the Law, Punishment and Deterrence*

A sentence of time-served followed by supervised release or a sentence of up to five (5) years probation, after spending almost two months in custody, is more than sufficient as appropriate punishment, to promote respect for the law and for deterrence purposes. As stated, the nature and circumstances of the offense, specifically the reasons that drove Mr. De La Cruz-Socorro to commit it, are related to his need to prosper financially and the search for better opportunities.

Moreover, this Court should take into account that this being the first time in his life that he is in prison for a criminal charge, Mr. De la Cruz-Socorro had not been afforded

sufficient deterrence to understand the consequences of re-entering the United States illegally. Now, not only he faces the present criminal proceedings, he will also be deported and warned that if he ever enters or attempts to enter the United States, he is exposed to harsher punishment. In view of such fact, a sentence of time-served or probation is reasonable to accomplish deterrence.

### *4. The Need to Protect the Public*

The present offense does not involve violence, possession of firearms or pecuniary harm to anyone. Additionally, the instant offense of illegally entering the United States is an offense that does not have victims as such. It is an offense, against the United States' ability to protect its borders and to control the travel of illegal immigrants. Accordingly, no harsh sentence is needed to protect the public; the facts of this case do not call for significant incapacitation of the defendant.

### *5. Kinds of Sentences Available*

As stated above, the statutory maximum is two years, but the guidelines call for a sentence between zero and six months. Probation is authorized. So is a term of supervised release if imprisonment is ordered. The defendant will also have to pay a special monetary assessment os $100.

### *6. Medical Care, Educational/Vocational Training and Correctional Treatment*

This is a neutral factor in this case since Mr. De La Cruz-Socorro is a healthy person and has no history of drug use.

### *7. Unwarranted Sentencing Disparities*

Institutional experience and research shows that the sentence requested herein is in line with the sentences that are imposed both nationwide and intra-district for this type of

offense on individuals with a criminal record similar to Mr. De La Cruz-Socorro. Therefore, a sentence of time served or probation will not create an unwarranted sentencing disparity.

### *8. Other Relevant Factors*

In addition to everything explained above, Mr. De La Cruz-Socorro wishes the Court to be reminded that as an illegal alien, he is subject to removal from the United States. Once he is sentenced by this Court and finishes serving whatever additional term of imprisonment is imposed, if any, the defendant will be subject to additional administrative detention while he awaits removal to the Dominican Republic. The last case the undersigned had with a deportable alien the removal process took more than one additional month.

### IV.

In view of all of the above, we respectfully request that a sentence of time-served be imposed in this case. Alternatively, a sentence of probation should be imposed. Such a sentence is reasonable, sufficient and not greater than necessary.

**WHEREFORE**, it is respectfully requested that the Court take note of the present sentencing memorandum and that the defendant be sentenced to the time he has already served or to a probationary term.

**I HEREBY CERTIFY** that on this date I electronically filed the present sentencing memorandum with the Clerk of Court using the CM/ECF system which will sent electronic notification of said filing to all parties of record.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 22nd day of February, 2017.

**ERIC ALEXANDER VOS**
**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF PUERTO RICO**

**S/Hector L. Ramos-Vega**
Hector L. Ramos-Vega
First Assistant Federal Public Defender
USDC-PR 222504
241 F.D. Roosevelt Ave.
Hato Rey, P.R. 00918-2441
(787) 281-4922/ Fax (787) 281-4899
E-mail: Hector_Ramos@fd.org